**KEYS v. KEETS et al.**

No. 5883.

Court of Appeals of the District of Columbia.
Argued Nov. 10, 1933.
Decided Dec. 4, 1933.

Rehearing Denied Dec. 26, 1933.

Garfield C. Thompson, of Washington, D. C., for appellant.

Edmund M. Chaplin, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from an order of the Supreme Court of the District of Columbia dismissing appellant's bill for equitable relief.

It appears from the statements in the bill that the appellant, John O. Keys, who was plaintiff below, was the duly appointed and acting executor of the estate of a decedent not named in the bill, but named without contradiction in the brief as Annie Laura Houston. It appears furthermore that the decedent at the time of her death was the owner of a certain piece of real estate located in the city of Washington, D. C., which was subject to several trusts; that the plaintiff after his appointment as executor discovered that the property was in bad condition and would require a considerable expenditure of money to place it in a suitable condition for sale; that thereupon plaintiff expended of his own moneys sums aggregating nearly $2,000 for repairs upon the property and in part payment of the trusts; that plaintiff, as executor, caused the property to be sold for the payment of debts of the estate, and the sale was made at public auction; that plaintiff knowing that he would not be entitled personally to bid upon the property at the sale procured his lawyer, Cuney, to become a bidder, with the understanding and agreement that in case the property should be knocked off to Cuney he would forthwith make a deed to the plaintiff for it; that the sale was had and Cuney bid the property in for $7,100, but thereupon in violation of his agreement he refused to make a conveyance to plaintiff, but acting in his own interest and for his own profit conveyed the property to the appellees, Samuel H. Keets and Lumina Keets, for the price of $8,500; that before plaintiff learned of Cuney's intention to break the contract between himself and plaintiff and deal with the property as his own, he, the plaintiff, reported the sale as made to Cuney to the probate court and it was confirmed, and plaintiff executed and delivered an executor's deed to the premises to Cuney; that plaintiff did not procure others to attend the sale because of his reliance upon the agreement and promise of Cuney that he would bid the property in for plaintiff, and would convey the same to plaintiff, and, except for this agreement and promise of Cuney to act as plaintiff's agent, the plaintiff would have procured some other person to bid the property in for him as aforesaid; that the appellees, Samuel H. Keets and Lumina Keets, thereafter sold and conveyed the property to a corporation organized under the name of Grand United Order of Tents of J. R. G., and J. U. and the corporation and the various officers thereof are made defendants in the present case. The plaintiff alleged that the appellees and the corporation and its officers knew of the agreement between

plaintiff and Cuney, and the rights of plaintiff to have the property conveyed to him by Cuney in accordance with the agreement. Plaintiff alleges that the price of $7,100 for which the property was sold to Cuney was not a fair price for the property, and was not a sufficient sum to pay the trusts on the property and the plaintiff's expenditures. Upon these facts the plaintiff prayed in the bill that the court declare a trust on the property in his favor, and compel a conveyance of the legal title to plaintiff and for an accounting, an injunction, and the appointment of a receiver.

Thereupon the appellees, Samuel H. Keets and Lumina Keets, as defendants below, filed a motion praying that the bill be dismissed as to them upon the ground, among others, that the plaintiff did not come into court with clean hands, inasmuch as an executor cannot lawfully be the purchaser, either directly or indirectly, of the property of the estate which he represents. This motion was sustained by the lower court and the bill was dismissed as to the defendants Samuel H. Keets and Lumina Keets. From that order the present appeal was taken.

■ The facts set out in the bill in effect disclose that the plaintiff privately entered into an arrangement whereby his agent should bid upon the property of the estate of which plaintiff was executor; that under this arrangement the agent bid for the property at the executor's sale and was the successful bidder, and that plaintiff himself acting as executor thereupon executed and delivered an executor's deed to his agent for the premises with the understanding and expectation that his agent should immediately convey the premises to him; but that the agent, finding that he could realize a profit by selling the property to other persons, refused to abide by the understanding with plaintiff and sold the property to other parties at an advanced price, retaining the increased price for his own profit.

No other conclusion can be drawn from these facts than that the action of the plaintiff was in violation of well-settled principles of equitable jurisprudence which forbid an executor to become a purchaser at a sale of the property of his decedent whether directly or through the medium of an agent who purchases ostensibly for himself but really for the executor. Accordingly, equity will afford the plaintiff no relief in the circumstances.

■ "The general principle that an executor or administrator will not be permitted to purchase property of an estate in his charge applies not only to direct purchases made by him, but equally well to all indirect methods of accomplishing such ends. He cannot become a purchaser through an agent at a sale of the property of the estate in his charge." 11 R. C. L., p. 363, § 429.

It is claimed by appellant that this rule does not apply in the present case because the appellant was interested in the estate to the extent of his expenditures upon the property. We cannot sustain this contention, inasmuch as the arrangement between the executor and his agent was not intended to be revealed to the court and in fact was not reported to the court, nor was it made for the benefit of the estate but in the interest of the executor himself. Proceedings like those set out in the bill do not in any view of the matter create an exception to the general rule.

"From time to time various excuses and extenuating circumstances have been brought forward in justification of purchases made by executors and administrators at their own sales, but these have nearly always been overruled as insufficient. It has been held that they have no right to purchase, even when they pay the full value of the property and do not derive any individual profit from the purchase. The absence of moral turpitude on the part of the purchaser and his absolute good faith are alike ineffectual to save him from the operation of the rule. The argument that the representative became a purchaser by bidding higher than any other person, and therefore rendered a benefit to the estate, has likewise been decided to be unsound. It seems, however, in some jurisdictions that when a sale is bona fide and for the benefit of the estate the personal representative may purchase and ask the aid of a court of equity to confirm his title, but that the right to do so will be lost by anything indicating fraud or moral turpitude in reference to the sale." 11 R. C. L., p. 363, § 430.

Therefore, in our opinion, the order of the lower court dismissing the bill as to Samuel H. Keets and Lumina Keets upon their motion was rightfully entered and it is hereby affirmed.